ALABAMA EDUCATION
ASSOCIATION,
Plaintiff-Appellee,

v.

ALABAMA PROFESSIONAL STAFF
ORGANIZATION,
Defendant-Appellant.

No. 80–7678.

United States Court of Appeals,
Fifth Circuit.
Unit B

Sept. 8, 1981.

Cooper, Mitch & Crawford, Jerome A. Cooper, Birmingham, Ala., for defendant-appellant.

Copeland, Franco, Screws & Gill, Robert D. Segall, Montgomery, Ala., for plaintiff-appellee.

Before GODBOLD, Chief Judge, KRAVITCH, Circuit Judge, and THOMAS *, District Judge.

DANIEL HOLCOMBE THOMAS, District Judge:

The sole question presented on this appeal is whether the District Court inappropriately overruled a labor arbitrator who had determined that a contractual provision of the collective bargaining agreement required a trial *de novo* on the issue of dismissal. The District Court ruled that the arbitrator was restricted in his review to the record of the hearing before the Board of the Alabama Education Association (AEA). The Union, Alabama Professional Staff Organization (APSO), appeals. We agree with the District Court and affirm.

The suit before the District Court was one for declaratory judgment asking the Court to declare the legal effect of Article XIII of the applicable collective bargaining agreement in force between APSO and AEA. Article XIII provides as follows:

* District Judge of the Southern District of Alabama, sitting by designation.

"ARTICLE XIII. DISMISSAL

The contract of any employee shall not be terminated except for insubordination, incompetency, neglect of duties or for any other good and sufficient cause. Written notice of the intention to dismiss along with reasons for said dismissal shall be given the employee at least thirty (30) days prior to a hearing before the Board.

For probationary employees, the Board's decision shall be final.

For any non-probationary employee not satisfied with the decision of the Board, the matter may be submitted to an arbitrator within twenty (20) days, and the arbitrator shall determine if the action of the Board was arbitrary or unjust and/or there was evidence to support the Board's conclusion."

AEA discharged one of its non-probationary employees and the employee's union, APSO, challenged that discharge through arbitration as provided under the collective bargaining agreement. On July 11, 1980, an arbitrator convened a hearing. AEA argued that based on Article XIII of the collective bargaining agreement, the arbitrator could only review the existing record. APSO argued that the arbitrator should hold a *de novo* hearing relative to the discharge. The arbitrator decided that under the provisions of the collective bargaining agreement, there should be a *de novo* hearing. The *de novo* hearing was begun on July 11, 1980, and scheduled to resume August 28, 1980. During the interim, AEA filed the declaratory judgment action in District Court and obtained an order limiting the review of the arbitrator to the record of the hearing before the Board of AEA.

APSO argues that the District Court has overreached its authority. It contends that the Court has no authority to review the construction of the contract, either as to ambiguity or as to issues of interpretation. AEA contends that it is not contractual interpretation, but rather arbitrability, which is the essence of this suit. It further argues that questions of substantive arbitrability are for the Court to determine.

Any consideration of an arbitration issue must begin with a triology of cases decided in 1960: *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *Steelworkers v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); and *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). These cases established general principles which are controlling in any labor arbitration case.

■ Arbitration itself is a matter of contract, not of law and parties are required to arbitrate only if they have agreed to do so. Under the provision set forth in Article XIII, the parties agreed to arbitrate whether "the action of the Board was arbitrary or unjust and/or there was evidence to support the Board's conclusion." This provision does not provide for broad arbitration, but expressly and specifically limits the area of arbitration.

■ Procedural questions should be left to the arbitrator, but questions of substantive arbitrability are for the courts. *See, Steelworkers v. Warrior & Gulf Navigation Co., supra; Steelworkers v. American Manufacturing Co., supra; Steelworkers v. Enterprise Wheel & Car Corp., supra; John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). AEA contends that the arbitrator's decision is not a matter of procedure, but rather is one which is substantive and involves a non-arbitrable issue. AEA argues that it never agreed to arbitrate "just cause", but only agreed to arbitrate whether the action of the Board was arbitrary or unjust or whether there was sufficient evidence to support the Board's conclusion. APSO contends that this is strictly a procedural issue.

The question revolves around whether the Board's decision was arbitrary or unjust. APSO contends that there is no way that the arbitrator can determine the Board's arbitrariness unless the record is complete and that the arbitrator should be free to take evidence *de novo*, i. e., a discre-

tionary *de novo* hearing. AEA contends that the arbitrator was to determine if the Board was arbitrary or unjust in its decision based on the record of the hearing and was not to determine if the dismissal was arbitrary or unjust.

Both parties rely on *Safeway Stores v. American Bakery and Confectionery Workers International Union, Local 111,* 390 F.2d 79 (5th Cir.1968) in support of their positions. APSO stresses that the role of the court is a very restrictive one, while AEA stresses that the court may strike down a palpably faulty decision of the arbitrator.

The Court in *Safeway, supra,* was faced with a question of judicial enforcement of the arbiter's decision. The Court stated:

"... Arbiters, as do Judges, can err.... We may assume... that if the reasoning is so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling then the Court can strike down the award. But where it is not that gross the arbiter's error—even though on an issue which the reviewing court would have arrived at a different decision does not ipso facto make an arbiter an outlaw or his erroneous action a matter of law outside the scope of the agreement to arbitrate, in excess of the terms of submission or beyond his powers as arbiter." (footnotes omitted). 390 F.2d at 83.

"On its face the award should ordinarily reveal that it finds its source in the contract and those circumstances out of which comes the 'common law of the ship.' " *Safeway Stores v. American Bakery and Confectionery Workers International Union, Local 111, supra.*

 In the present case, the arbitrators decision to take additional evidence *de novo* was clearly outside the scope of the authority given to the arbitrator. Article XIII of the collective bargaining agreement clearly set forth the scope of review of the arbitrator. The arbitrator was to determine if the evidence presented to the Board supported its decision or whether the Board was arbitrary or unjust in its decision. Such a determination would require only the rec-

ord of the hearing before the Board and would require no additional extrinsic evidence. A hearing *de novo* is not permitted under the terms of the agreement, and evidence other than that presented to the Board, may not be examined. As the District Court so aptly stated, "The arbitrator, therefore, must make his decision on the basis of the record, and in so doing, he must determine whether the Board's decision was arbitrary or unjust or whether there was evidence to support the Board's conclusion."

The Order of the District Court limiting the arbitrator to a review of the record of the hearing held before the Board of the Alabama Education Association and prohibiting additional evidence to be introduced is AFFIRMED.