**KISCO COMPANY, INC., Plaintiff,**

v.

**LOCAL UNION NO. 93, SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, AFL–CIO, Defendant.**

No. 83–2048C(C).

United States District Court, E.D. Missouri, E.D.

Feb. 6, 1984.

Gerald Tockman, Sara Herrin, St. Louis, Mo., for plaintiff.

James I. Singer, St. Louis, Mo., for defendant.

MEMORANDUM

MEREDITH, District Judge.

This matter is before the court on defendant's and plaintiff's cross motions for summary judgment. This court has jurisdiction pursuant to 29 U.S.C. § 185 and 28 U.S.C. § 1337. For the reasons set forth below, summary judgment will be entered in favor of defendant, enforcing the award of the arbitrator.

Summary judgment is justified only when, viewing the facts and inferences that may be derived therefrom in the light most favorable to the non-moving party, the moving party establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir.1983). The pleadings and exhibits in the case at bar show that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law.

The relevant facts are as follows. On 31 January 1983, plaintiff Kisco discharged grievant Jerry Blankenship for threatening a supervisor in violation of company rule 31. The company rule is that violations of its rules may be subject to discipline ranging from verbal reprimand to termination of employment. Rule 31 states: "Assaulting, threatening, intimidating, coercing or interferring with employees or management at any time."

Blankenship filed a grievance over the discharge and the matter was heard by Arbitrator Stix on 6 May 1983. The issue to be resolved was "whether the company had just cause for its discharge of Jerry Blankenship, and if not, what the remedy should be. The parties stipulated that, if the arbitrator should find in favor of the union on the issue of just cause, the arbitrator should retain jurisdiction for 60 days after making that award for further consideration of the remedy." Exhibit C, Arbitration before William Stix Arbitrator; Exhibit D, page 4, Final Award. Arbitrator Stix issued an interim award on 7 July 1983, a final award on 4 August 1983, and

a supplement to final award on 31 August 1983. The discharge of Blankenship was set aside because the company did not meet its burden of establishing by clear and convincing evidence that Blankenship committed the offense charged, and therefore the company did not have just cause to discharge him. The arbitrator did find that the company established its case by a preponderance of the evidence, and that therefore, while the burden of proof for discharge had not been met, sufficient burden of proof was met to suspend Blankenship. Stix awarded a three week suspension, and ordered Blankenship's reinstatement with back pay, thereafter.

Plaintiff moves for summary judgment because (1) the arbitrator violated and disregarded specific provisions of the agreement, thereby exceeding the scope of his authority under the collective bargaining agreement, (2) the arbitrator made ambiguous and contradictory findings, and (3) the award violates fundamental public policy.

■ The agreement on arbitration, Exhibit A, Article 10, states that the board (here, the fact that there was only one arbitrator chosen by choice of the parties is not in contention) shall proceed to consider the disputed matter and render its decision within thirty days. The agreement in the case at bar is unlike the agreement in *Saint Louis Theatrical Co. v. Saint Louis Theatrical Brotherhood Local 6*, 715 F.2d 405 (8th Cir.1983) which narrowly defined the arbitrator's authority. In *Local 6*, pages 407–08, the collective bargaining agreement stated:

> The arbitrator may consider and decide only the particular issue or issues presented by the grievance or by the parties submitted to him in writing and only issues relating to the interpretation and/or application of the agreement. * * Any employee violating this provision [no strikes—no lock outs] may be disciplined or discharged and shall have no recourse to any other provision of this agreement except as to the fact of participation.

In *Local 6*, the arbitrator was to decide only whether the individual participated in the prohibited activity. Where the arbitrator was to decide only whether the individual participated in the prohibited activity, the arbitrator's further conclusions clearly exceeded his authority. However, in the case at bar, the arbitration clause in the agreement between the parties is not drawn so narrowly. In fact, by agreement of the parties, the arbitrator was to resolve any issues with respect to remedy. Plaintiff's reply to counterclaim, paragraph 9 (plaintiff admits factual allegation). In a narrowly defined agreement, the arbitrator has no authority to evaluate the propriety of the company's discipline. *Local 6*, at 408. Here, such evaluation is precisely that for which the parties bargained. In *Local 6*, the issue was "fact of participation." Here, the issue before Stix was whether the company had "just cause," similar to the issue in *Intern. Bro. of Elec. Workers Local 53 v. Sho-Me Power*, 715 F.2d 1322, 1326 (8th Cir.1983) (discharge for cause). Here, as in *Sho-Me*, the agreement gives the arbitrator the authority to determine the equity of the company's discipline. *See Local 6*, at 409.

■ Plaintiff argues that *Sho-Me* is not controlling because the employee was discharged becaused of a protected union activity. In *Sho-Me*, the arbitrator found that the employee could have properly been discharged for cause, for engaging in a work stoppage. However, the company sought to discharge the employee for an improper motive. Thus, where discharge was proper, but the company was motivated by the wrong reason, the arbitrator could find the dismissal "not for cause." *Sho-Me* therefore supports the power of the arbitrator to construe "just cause" in this case. Indeed, the district court must afford great deference to the arbitrator's interpretation and construction of the applicable provisions of the collective bargaining agreement. *See Lackawanna Leather Co. v. United Food and Commercial Workers International Union, AFL–CIO & CLC*, 706 F.2d 228 (8th Cir.1983) (en banc). The contractual language must be broadly construed, with doubts resolved in

favor of the arbitrator's authority. *Lackawanna*, 706 F.2d at 231. There can be no question, given the issue as presented to the arbitrator, that he had the authority to construe the contract words "just cause" in Article 7.01 of the agreement in relation to his arbitration award given under Article 10.00. *Sho-Me*, 715 F.2d at 1325 (arbitrator may interpret provisions of agreement if contract does not limit authority to do so).

■ A reviewing court must not substitute its own judgment for that of the arbitrator. If courts were to begin reviewing the merits of a grievance, the arbitration process would no longer be a procedure for alternative dispute resolution, but would become a hollow and wasteful formality prior to duplicative action in the courts. It is not within the court's scope of review to judge the merits of a grievance. *Kewanee Machinery Div. v. Local Union No. 21, International Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers of America*, 593 F.2d 314, 317 (8th Cir.1979). Plaintiff has raised several questions as to the arbitrator's particular award which merit discussion.

■ The company claims the arbitrator rewrote its rule 31, *supra*, by placing emphasis solely on the intent of the grievant. However, it is clear to anyone who reads rule 31, that the rule says neither (1) intent to threaten nor (2) perceived as a threat. Thus, it was normal and proper for the arbitrator to construe the words "... threatening ... employees or management ...." Whether the "employee threatened the manager" may turn indeed on the employee's intent. The arbitrator looked at the entire situation: (1) what was the context, (2) how was the statement perceived, (3) what was subsequently said, (4) what was intended. *See* Exhibit C. While the court may not agree with the decision of Mr. Stix, it may not substitute its judgment for his.

■ Plaintiff complains that the award is contradictory and arbitrary because it vacates the discharge and then suspends grievant for 21 days, and because it contains two levels of burden of proof. The company did not meet the burden required for discharge. The discharge was properly vacated. The company did meet the burden for suspension. A lesser punishment properly may be awarded by an arbitrator. *See, e.g., Sho-Me*, 715 F.2d at 1324 (discharge vacated, but grievant still deserving of discipline; back pay denied). *See also United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960) (arbitrator to be given flexibility regarding remedies). The arbitrator was within his authority in determining that "just cause" required company to meet its burden by clear and convincing proof, for discharge.

Plaintiff complains that arbitrator Stix impermissably conducted a de novo review to determine the appropriate discipline short of discharge. The failure to give the grievant a hearing was not the only reason for vacating the discharge; the failure to meet the clear and convincing burden was sufficient reason to set the disciplinary action aside. Once the arbitrator found the discharge unsupportable, he had to determine the correct remedy, according to the parties' agreement. As noted above, this procedure is appropriate. The company's reliance on *Alabama Education Association v. Alabama Professional Staff Organization*, 655 F.2d 607 (5th Cir.1981), is misplaced. There the agreement between the parties expressly and specifically limited the area of arbitration. 655 F.2d at 608–609. Not so in the case at bar. Further, it was within the authority of the arbitrator to find that "just cause" required a hearing.

■ Plaintiff's contention that the award contravenes public policy is without merit.

The court is convinced that the arbitrator had the authority to decide the issue before him and to issue the decision he did. It is the arbitrator's construction of the contract and determination of the merits which were bargained for, and so far as the arbitrator's decision concerns construction of the contract and determination of the merits,

this court has no business overruling him because its interpretation of the contract or view of the merits is different from his. *Sho-Me Power, supra,* 715 F.2d at 1326 (citations omitted).

Defendant's motion for attorney's fees and pre-judgment interest is denied. *Local Union No. 179 United Textile Workers of America v. Western Textile Products Co.,* 374 F.Supp. 633, 638 (E.D.Mo.1974) (interest not awarded on amount owed to employee under arbitrator's award of reinstatement) (award of attorney's fees inappropriate where employer's refusal to comply with award not completely without justification).

Accordingly, the union's motion for summary judgment will be granted and the company's motion for summary judgment will be denied. Enforcement of the arbitrator's award will be granted.