494 A.2d 451

**Leon M. MARTIN, Appellant**

**v.**

**ITM/INTERNATIONAL TRADING & MARKETING LTD., William M. Erbe and David F. Dunn.**

Superior Court of Pennsylvania.

Argued Oct. 17, 1984.

Filed June 7, 1985.

William J. Cassidy, Lancaster, for appellant.

Harry A. Dower, Allentown, for appellees.

Before CAVANAUGH, CIRILLO and JOHNSON, JJ.

JOHNSON, Judge:

Appellant, Leon M. Martin, seeks review of the trial court's order which granted Appellees' motion to strike Appellant's complaint.

On April 22, 1982 Appellant and Appellee, ITM/International Trading & Marketing, Ltd. (hereinafter "ITM") entered into an agreement calling for Appellant to advance $18,000 to ITM for the specific purpose of purchasing gold bars. In return, Appellant was to receive a demand note for the sum advanced, plus the right to receive a return on his investment of 25% of the profit. The agreement contained, *inter alia*, the following language:

14. If any dispute should arise under this Agreement that the parties themselves do not settle, the dispute shall be submitted to binding arbitration under the Rules of the American Arbitration Association to be held in Philadelphia, Pennsylvania.

R. at 12a.

Appellant advanced the $18,000 to ITM, but sought to withdraw his acceptance on January 3, 1983 by sending, pursuant to Section 207(m) of the Pennsylvania Securities Act of 1972,[1] a Notice of Withdrawal which demanded the return of his "$18,000 plus $1,500 additionally lost plus interest" (R. at 13a). ITM refused and Appellant filed his complaint in the Court of Common Pleas of Lehigh County.

ITM moved to strike Appellant's complaint. The motion was granted. The trial court, in its order striking the complaint, cited paragraph 14 of the agreement in question and concluded that the dispute should be resolved in the first instance through arbitration.

On appeal, Appellant contends that an agreement to arbitrate issues involving alleged violations of the Pennsylvania Securities Act of 1972 is unenforceable and violative of the Act. Under the facts presented, we agree.

Section 507 of the Pennsylvania Securities Act (70 P.S. § 1–507) states:

Any condition, stipulation or provision binding any person acquiring any security to waive compliance with any provision of this act or any rule or order hereunder is void.

Appellant argues that this section invalidates any arbitration clause in an agreement which is covered by the Pennsylvania Securities Act.

Before addressing the question of the applicability of the arbitration clause, we must first determine whether the agreement in question is a "security" and thus covered by

1. Act of December 5, 1972, P.L. 1280, No. 284, as amended (70 P.S. § 1–207).

the Pennsylvania Securities Act of 1972. Section 102(t) of the Act [70 P.S. § 1–102(t) ] defines "security" in the following manner:

> **"Security"** means any note; stock, treasury stock; bond, debenture; evidence of indebtedness; share of beneficial interest in a business trust; certificate of interest or participation in any profit-sharing agreement; collateral trust certificate; preorganization certificate or subscription; transferable share; *investment contract;* voting trust certificate; certificate of deposit for a security; limited partnership interest; certificate of interest or participation in an oil, gas or mining title or lease or in payments out of production under such a title or lease; or, in general, any interest or instrument commonly known as or having the incidents of a "security"; or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing. All of the foregoing are securities whether or not evidenced by written document. "Security" does not include: (i) any beneficial interest in any voluntary inter vivos trust which is not created for the purpose of carrying on any business, or (ii) any beneficial interest in any testamentary trust, or (iii) any insurance or endowment policy or annuity contract under which an insurance company admitted in this State promises to pay a sum of money (whether or not based upon the investment performance of a segregated fund) either in a lump sum or periodically for life or some other specified period, or (iv) any certificate issued under section 809 of The Insurance Company Law of 1921, act of May 17, 1921 (P.L. 682), as amended. (Emphasis added).

This definition of "security" is very similar to the definitions of a "security" which are set forth in the Securities Act of 1933 [2] and the Securities Exchange Act of 1934.[3]

**2.** 15 U.S.C. § 77(b)(1).
**3.** 15 U.S.C. § 78c(a)(10).

Both of these Federal acts also define the term "security," in part, as meaning an "investment contract".

No Pennsylvania appellate case has held that an agreement similar to the instant agreement is an "investment contract" and thus a "security" under the Pennsylvania Securities Act of 1972. We can derive some guidance from Federal case law, however.

The Supreme Court, in *S.E.C. v. Howey*, 328 U.S. 293, 298–99, 66 S.Ct. 1100, 1103, 90 L.Ed. 1244, 1249 (1946), set forth the following classic definition of an "investment contract" under the 1933 Act:

> [A]n investment contract for purposes of the Securities Act means a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party ...

*See also Lino v. City Investing Co.*, 487 F.2d 689 (3rd Cir.1973).

■ In the instant case, Appellant invested $18,000 in the hope of receiving 25% of the profits. He was not required to perform any duties and the April 22, 1982 agreement specifically indicated that he was not a partner. (R. at 18a). We are convinced that, on these facts, the agreement between Appellant and ITM is an investment contract and, therefore, a "security" under the Pennsylvania Securities Act of 1972.

■ We now turn to Appellant's argument that paragraph 14 of the April 22, 1982 agreement is unenforceable because of Section 507 of the Pennsylvania Securities Act. Section 507 is practically identical to Section 14 of the Securities Act of 1933 which states:

> Any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this title or of the rules and regulations of the Commission shall be void.

15 U.S.C. § 77n. Section 14 of the Securities Act of 1933 was at issue in our supreme court's decision in *Moran v. Paine, Webber, Jackson & Curtis,* 422 Pa. 66, 220 A.2d 624 (1966). That case involved a dispute over a margin account where the margin agreement stated that disputes arising out of the contract would be determined by arbitration. Both parties agreed to proceed with arbitration to resolve the dispute. It was not until Mrs. Moran, the plaintiff, received an unfavorable decision that she first argued that the arbitration clause in the margin agreement was void and unenforceable. While our supreme court did uphold the arbitration award, the court's holding was based on the plaintiff's voluntary agreement to proceed with the arbitration process with knowledge that the dispute could be resolved in a court of law rather than before a board of arbitration.

The *Moran* court, however, did cite with approval the United States Supreme Court decision in *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). *Wilko* held that agreements for future arbitration of disputes arising under the Securities and Exchange Act of 1933 are void as contrary to the purposes of the Securities Act. *See also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Moore,* 590 F.2d 823 (10th Cir.1978); *Miller v. Schweickart,* 405 F.Supp. 366 (D.C.N.Y.1975).

In the instant case, since Appellant never sought to have this dispute arbitrated, the language in Section 507 of the Pennsylvania Securities Act precludes arbitration absent voluntary agreement of the parties to the contrary. Paragraph 14 of the April 22, 1982 agreement is, therefore, unenforceable under Section 507 of the Pennsylvania Securities Act.

Reversed and remanded for proceedings not inconsistent with this opinion. Jurisdiction is relinquished.