**DREXEL BURNHAM LAMBERT INCORPORATED, Petitioner,**

v.

**T. Kenneth PYLES, Respondent.**

**No. 1:88–CV–1788–RHH.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 15, 1988.

Paul W. Stivers, Rogers & Hardin, Atlanta, Ga., for petitioner.

T. Kenneth Pyles, Atlanta, Ga., for respondent.

## ORDER

ROBERT H. HALL, District Judge.

This case is before the court on petitioner's motion to confirm an arbitration award. Respondent has replied to petitioner's motion by requesting that the court vacate the arbitration award and enter a judgment for the respondent.

FACTS

This dispute arises out of respondent's ("Pyles") employment with petitioner ("Drexel"). In May of 1985 Pyles left his law practice to become a broker for Drexel Burnham Lambert. Pyles alleges that he negotiated an employment contract with defendant's agent, then in reliance on that contract left his law firm and a lucrative practice to work for Drexel in their Atlanta office. When Pyles arrived at Drexel he signed an Account Executive Trainee Agreement which contained a training cost reimbursement provision and an arbitration clause. The training cost reimbursement provision purported to obligate Pyles to

reimburse Drexel on a prorated basis for the cost of training him if he left Drexel's employ and went to work for another brokerage firm within two years of completing Drexel's training program. Pyles alleges that he was never made aware of those conditions of his employment prior to his arriving at Drexel, and that he was coerced into signing the agreement.

Pyles left his employment with Drexel about ten months after he completed their training program and immediately accepted employment with another brokerage firm. Drexel then filed a Statement of Claim with the National Association of Securities Dealers ("NASD") to recover some of the costs of Pyles training under the reimbursement provision of the training agreement.

On January 28, 1988, an NASD arbitration panel in Atlanta heard the controversy between the parties. On March 15, 1988 the arbitrators rendered an award in favor of Drexel against Pyles for $8,000.00 in full and final resolution of the issues submitted for determination. Drexel filed this petition to confirm the arbitrators' decision on August 17, 1988 to which respondent replied on September 6, 1988.

Pyles claims that the training agreement he signed, which included the arbitration clause, is not binding upon him, and therefore the arbitration panel had no jurisdiction to rule upon the dispute over the reimbursement of his training costs. Respondent also alleges that there was evident partiality on the arbitration panel and the award should be vacated pursuant to 9 U.S.C. § 10(b).

Drexel responds to what is essentially a motion to vacate the arbitration award by alleging 1) that a motion to vacate is untimely more than 5 months after the entry of the arbitration decision 2) Regardless of the arbitration provision in the Account Executive Training Agreement, the arbitration panel had jurisdiction pursuant to the National Association of Securities Dealers ("NASD") Code of Arbitration Procedures, and 3) that there was no evident partiality on the panel.

Drexel has also moved for attorneys fees and Rule 11 sanctions.

## DISCUSSION

*Timeliness*

■ The Federal Arbitration Act requires that motions to vacate an arbitration award be served on the opposing party within three months after the award is filed or delivered. 9 U.S.C. § 12. The award in this case was filed on March 15, 1988, and the respondents reply was filed on September 6, 1988, almost six months later. The circuit courts have consistently held that once the three month period for filing a motion to vacate under § 12 has expired, an attempt to vacate an arbitration award cannot be made even in opposition to a later motion to confirm. *Taylor v. Nelson,* 788 F.2d 220, 225 (4th Cir.1986); *International Brotherhood of Electrical Workers, Local 969 v. Babcock and Wilcox,* 826 F.2d 962, 965 (10th Cir.1987); *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 175 (2nd Cir.1984). The courts have uniformly held that a party's failure to move to vacate an arbitration award within the prescribed time period precludes it from seeking affirmative relief in a subsequent action to enforce the award.

■ A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated or modified in accordance with the federal Arbitration Act. *Taylor v. Nelson,* 788 F.2d at 225. The role of arbitration as a mechanism for speedy dispute resolution is not served if challenges to the validity of an award are allowed long after the statutory period for motions to vacate has lapsed. *Florasynth,* 750 F.2d at 177.

The court finds that the respondent cannot at this date raise affirmative defenses to the arbitration award that could have been raised in a motion to vacate within the prescribed time period. Having ruled that respondent's defenses to the arbitration award are untimely the court need not consider the merits of his jurisdiction or his bias claim, but since the court finds that neither defense has merit they will be discussed as an alternative grounds for deny-

ing respondent's request to vacate the arbitration award.

*Jurisdiction of Arbitration Panel*

■ Pyles asserts that because he signed the training agreement which contained the arbitration clause under duress the arbitration panel has no authority to resolve the dispute submitted to it. Respondent fails to recognize that by virtue of his association with a member institution of the National Association of Security Dealers he is bound by the NASD Code of Arbitration Procedures. The NASD Code requires that disputes "arising out of or in connection with" a member's business shall be submitted to an arbitration panel of the NASD at the instance of "a member against a person associated with a member...." NASD Code of Arbitration Procedure, Part I § 1, Part II § 8(a)(2), NASD Manual (CCH) ¶¶ 3701, 3708 (1985).

■ NASD is a self regulatory organization within the meaning of Section 28(b) of the 1934 Securities and Exchange Act. *Goldberg v. Donaldson, Lufkin & Jenrette Sec.*, 650 F.Supp. 222 (N.D.Ga. 1986 (Ward, J.). Thus, its members can agree to settle their disputes by arbitration. *Id.* at 226; *See, Tullis v. Kohlmeyer & Co.*, 551 F.2d 632 (5th Cir.1977). Securities exchange members are contractually bound by the regulations of their organizations, including any arbitration provisions. *Tullis*, 551 F.2d at 635–37, *Coenen v. R.W. Pressprich & Co.*, 453 F.2d 1209 (2nd Cir. 1972), *cert. denied*, 406 U.S. 949, 92 S.Ct. 2045, 32 L.Ed.2d 337 (1972). Pyles as a registered member of the NASD is bound by the rules governing arbitration of disputes found in the NASD manual. Therefore, the panel correctly exercised jurisdiction over the dispute between Petitioner and Respondent.

*Evident Partiality*

■ Pyles also argues that the award should be vacated under 9 U.S.C. § 10 because the arbitrators were biased against him. A party seeking to vacate an arbitration award for bias bears a heavy burden of proof. *Saxis Steamship Co. v. Multifacs International Traders, Inc.*, 375 F.2d

577, 582 (2nd Cir.1967). The appearance of impropriety alone is insufficient; a party seeking to vacate the award must establish facts that create a reasonable impression of partiality. *Toyota of Berkeley v. Auto Salesman's Union*, 834 F.2d 751, 755 (9th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 2036, 100 L.Ed.2d 620 (1988). Pyles must show that an arbitrator had some sort of personal interest whether pecuniary or otherwise in the matter before him or her that would have biased or prejudiced his or her judgment.

■ Pyles has alleged that the arbitrators and the petitioners carried on a conversation during a break in the arbitration hearing on January 28. Though the conversation apparently had nothing to do with the facts or circumstances of the instant case, Pyles alleges that the arbitrators may have been influenced by this casual friendly chatting. These circumstances in no way created "evident partiality" required by law to vacate an arbitration award.

*Attorney's Fees*

■ Drexel has asked to the court to award them attorney's fees and costs for these proceedings to confirm the arbitration award. Though Mr. Pyles is a former attorney, he is an inactive member of the bar and is proceeding in this action pro se. Though his claims for vacating the award are without merit the court finds that he raised them in good faith. The court also considers that his arguments were made in response to petitioners motion to confirm and the costs petitioner incurred were largely of its own making in seeking the aid of the court in enforcing the arbitration award.

Petitioner's motion for attorney's fees and costs is DENIED.

CONCLUSION

For the above stated reasons, Petitioner's motion to confirm the arbitration award is GRANTED. The clerk is DIRECTED to enter judgment for Drexel Burnham Lambert in the amount of $8,000.00. Petitioner's motion for costs

and attorney's fees is DENIED and each side is to bear their own costs.