SCOBEE COMBS FUNERAL HOME, INC., Plaintiff,

v.

E.F. HUTTON & COMPANY, INC. and G. Donald Fenton, Defendants.

No. 87–8668–CIV.

United States District Court, S.D. Florida.

March 2, 1989.

David A. Coven, Forchez & Falco, Deerfield Beach, Fla., for plaintiff.

John O. Boyhen, West Palm Beach, Fla., for defendants.

## ORDER COMPELLING ARBITRATION

PAINE, District Judge.

This cause comes before the Court upon Plaintiff's Motion to Compel Arbitration and to Stay Action, (DE 23). Plaintiff Scobee Combs Funeral Home, Inc. ("Scobee") filed this action in this United States District Court claiming that Defendants violated various Federal and State securities laws in their handling of Scobee's account with E.F. Hutton, which defendant Fenton managed. Scobee now seeks to compel arbitration.

No written agreement between Scobee and Defendants binds them to arbitrate this matter. Instead, Scobee relies on the National Association of Securities Dealers, Inc. ("NASD") Code of Arbitration Procedure, Section 12(a), "Required Submission," which provides as follows:

> Any dispute, claim or controversy eligible for submission under Part I of this Code between a customer and/or associated person arising in connection with the business of such member or in connection with the activities of such associated persons shall be arbitrated under this Code, as provided by any duly executed enforceable written agreement *or upon the demand of the customer.* NASD Code of Arbitration Procedure, Part III 12 (1988).

E.F. Hutton is a "member" of the NASD, *see* NASD Manual By–Laws, Art. I, § 3(d), Fenton, is a "person associated with a member," *see id.* § 3(f), and Plaintiff Scobee Combs Funeral Home was a "customer" of E.F. Hutton when the alleged securities violations occured. Membership in the NASD binds members to adhere to all the provisions, rules and regulations of the NASD. *Id.* § 4(a)(1). Scobee submits that defendants are accordingly bound, pursuant to the NASD Code of Arbitration Procedure, Section 12(a), to submit this action to arbitration upon Scobee's demand.

Defendants make several arguments in opposition. First, Defendants claim that under Section 2 of the Federal Arbitration Act, Plaintiff must produce a written contract to arbitrate before that procedure can be compelled. Defendants also cite to Section 682.02, Florida Statutes, as requiring a written contract for arbitration. Second, Defendants contend that Plaintiff has no standing or privity of contract to raise the NASD provisions. Moreover, Defendants argue, the NASD provisions relied upon by Plaintiff were written well before Plaintiff became a customer of E.F. Hutton. Therefore, Plaintiff could not possibly have been an intended beneficiary of E.F. Hutton by its participation in the NASD. Finally, Defendants assert that even if Plaintiff did have a right to compel arbitration by the manner it proposes, it has waived that right by substantially invoking the judicial process. Each of these arguments, some more meritorious than others, must fail.

As far as this Court is aware, this is a question of first impression. Several cases hold that no one can be compelled to arbitrate a dispute absent a written agreement to do so. *See Alabama Ed. Ass'n v. Alabama Professional Staff Organization,* 655 F.2d 607 (5th Cir.1981); *Seaboard Coast Line R. Co. v. Trailer Train Co.,* 690 F.2d 1343 (11th Cir.1982); *Interpool Ltd. v. Through Transport Mut. Ins. Ass'n Ltd.,* 635 F.Supp. 1503 (S.D.Fla.1985).

Nonetheless, arbitration is a matter of contract. *See AT & T Technologies Inc. v. Communications Workers of America,* 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986); *Montgomery Mailers' Union 127 v. Advertiser Co.,* 827 F.2d 709 (11th Cir. 1987). The question in this case, then, is whether, pursuant to the law of contracts, E.F. Hutton has bound itself to resolve this dispute by arbitration upon the demand of Scobee. The answer to this question turns on whether Scobee can be considered an intended third-party beneficiary of the NASD provision requiring members to arbitrate on the demand of their customers. The writing in this case is the NASD Manual, not a signed agreement between the parties to this suit.

Parties may create rights in a third-party beneficiary by manifesting an intention to do so. *Beverly v. Macy*, 702 F.2d 931, 940 (11th Cir.1983). "The crucial inquiry involves a determination of intent, and third parties may sue on the contract only if it may be said to have been intended for their direct, as opposed to incidental, benefit." *Ross v. Imperial Constr. Co.*, 572 F.2d 518, 520 (5th Cir.1978). The Second Restatement of Contracts defines the rights of third-party beneficiaries as follows:

> A beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either (a) the performance of a promise will satisfy an obligation of the promisee to pay money to the beneficiary; or (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance. (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

Restatement (Second) of Contracts § 302. Thus, the key inquiry is whether Scobee was intended to be benefitted by the provision in question. *See Beverly*, 702 F.2d at 940.

In this case, the very words of the NASD provision on required submission to arbitration indicate that member securities dealers intended to directly benefit their customers by granting them a right to demand arbitration, even in the absence of a written agreement. *See United States v. State Farm Mutual Ins. Co.*, 455 F.2d 789, 792 (10th Cir.1972) (when contract imposes duty in favor of third party law presumes parties intended to confer benefit on third party). The NASD Code of Arbitration Procedure evidences an intent to promote the use of arbitration procedures. Indeed, the "Objects and Purposes" section of the NASD Manual, ¶ 1003 at (3) states: "To adopt, administer and enforce rules of fair practice and rules to prevent fraudulent and manipulative acts and practices, and in general to promote just and equitable principles of trade *for the protection of investors.*" Thus, one of the stated purposes of this association is to benefit investors. As a customer, Scobee is an intended third-party beneficiary who may invoke the NASD compulsory arbitration clause. Defendants should take note that "it is not essential to the creation of a right in an intended beneficiary that he be identified when a contract containing the promise is made." Restatement (Second) of Contracts Section 308; *Beverly*, 702 F.2d at 940.

A very similar motion to compel arbitration was addressed by the Second Circuit in *Axelrod & Co. v. Kordich, Victor & Neufeld*, 451 F.2d 838 (2d Cir.1971). In *Axelrod*, the court addressed a "perplexing question of first impression," namely, whether a nonmember broker-dealer firm could invoke the compulsory arbitration rules of the New York Stock Exchange ("NYSE") against and over the opposition of a member firm. 451 F.2d at 839. In that case Axelrod, a member of the NYSE, sued the Kordich, Victor & Neufeld ("KVN") brokerage-dealer firm, not a member of the NYSE, for recission of a stock purchase agreement for fraudulent misrepresentation in violation of federal securities laws. KVN moved to stay the action in District Court and to compel Axelrod to submit the action to arbitration. No written agreement between Axelrod and KVN permitted one party to compel arbitration. Instead, KVN sought to invoke the compulsory arbitration clause of the NYSE constitution which required that "all members arbitrate: '... any controversy between a non-member and a ... member firm ... arising out of the business of such ... member firm ..., at the instance of such non-member....' NYSE Constitution Article VIII, § 1." *Axelrod*, 451 F.2d at 840–41. In that situation, as here, each member firm, by virtue of its admission, agreed to be governed by the association's constitution and rules. *Id.* at 841. The district court compelled arbitration and the Second Circuit affirmed. *Id.* at 843. The court read the provisions of the 1933 and 1934 securities acts in conjunction with the constitution of the NYSE and determined that Axelrod, by its membership in the

NYSE, had bound itself to arbitrate the dispute. *Id.* at 841.

The same reasoning applies here. Like the NYSE, the "NASD is a self regulatory organization within the meaning of Section 28(b) of the 1934 Securities and Exchange Act." *Drexel Burnham Lambert Inc. v. Pyles,* 701 F.Supp. 217, 220 (N.D.Ga.1988). The NASD has responded to this self-regulatory scheme by promulgating rules governing the conduct of member firms. *See Axelrod,* 451 F.2d at 840. Those rules are binding on NASD members. Specifically, the provision requiring submission to arbitration upon the demand of the customer is binding on Defendants in the instant case and the customer Scobee, an intended third-party beneficiary, has standing to enforce that provision against them.

This Court's decision to compel arbitration is also supported by *Drexel Burnham Lambert Inc. v. Pyles,* 701 F.Supp. 217 (N.D.Ga.1988), which involved the same NASD Manual at issue in the instant case. The dispute in *Pyles* arose out of Pyles' termination of employment with Drexel. Upon commencing employment with Drexel, Pyles signed an "Account Executive Trainee Agreement" which contained an arbitration clause which was invoked by Drexel. After losing before the arbitration panel, Pyles sought to declare the arbitration clause invalid. Without actually addressing the validity of the arbitration clause, the district court declared the compelled arbitration valid on the following grounds. The court held that "by virtue of his association with a member institution of the National Association of Security Dealers [Pyles] is bound by the NASD Code of Arbitration Procedures." *Pyles,* 701 F.Supp. at 220. The NASD Code provides that disputes in connection with a member's business shall be submitted to arbitration at the insistance of a member against a person associated with a member. Pyles, as a registered member of the NASD, was bound by the NASD's written rules governing arbitration and could be compelled to arbitrate as provided therein. *Id.* The same reasoning applies here. E.F. Hutton, by its membership in the NASD, has bound itself and its associated person,

Donald Fenton, to arbitrate this matter as demanded by its customer, Scobee Combs. This Court's holding is buttressed by the very strong federal policy favoring arbitration. Indeed federal policy requires this Court to resolve any doubt about the appropriateness of arbitration in favor of arbitration.

Plaintiff Scobee Combs has not substantially invoked the judicial machinery of this Court. Accordingly, Scobee has not waived its right to compel arbitration. It is hereby

ORDERED and ADJUDGED that Plaintiff's Motion to Compel Arbitration and to Stay Action, (DE 23) is GRANTED.

ORDERED and ADJUDGED that the Clerk of the Court close this file. The Court shall retain jurisdiction for the sole purpose of reviewing the arbitration panel's award, if necessary.

DONE and ORDERED.