INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 969, Plaintiff-Appellee,

v.

BABCOCK & WILCOX, d/b/a B & W Construction Company, Inc., Defendant-Appellant.

No. 86–1462.

United States Court of Appeals, Tenth Circuit.

Aug. 17, 1987.

Thomas B. Buescher and Ellen M. Kelman, Brauer & Buescher, P.C., Denver, Colo., for plaintiff-appellee.

Walter V. Siebert and M. Edward Taylor, Sherman & Howard, Denver, Colo., and William A. Ziegler, Sullivan & Cromwell, New York City, for defendant-appellant.

Before McKAY and BALDOCK, Circuit Judges, and BROWN*, District Judge.

BALDOCK, Circuit Judge.

Pursuant to 10th Cir.R. 34.1.2, plaintiff-appellee International Brotherhood of Electrical Workers, Local Union No. 969 (Local 969) filed a motion to submit the case on the briefs and to be excused from attendance at oral argument. Defendant-appellant Babcock & Wilcox (B & W) opposed the motion. After examining the briefs and the appellate record, this three-judge panel unanimously determined that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.8(c). Local 969's motion was therefore granted and the case was submitted without oral argument.

This is an appeal of summary judgment in favor of Local 969 in its action to confirm an arbitration award. B & W contends that the district court erred in enforcing the award because: 1) B & W never received notice of the union-employer grievance committee hearing and 2) that committee had no jurisdiction to decide the matter in dispute. The district court concluded that B & W's failure to file a timely action to vacate the arbitration award precluded it from raising any affirmative defenses which could have been raised in a suit for vacation of the award. We affirm.

The parties' contractual relationship involves four separate agreements. Their dispute centers on conflicting provisions in those agreements pertaining to grievance resolution procedures and reimbursement of employee travel expenses. Since 1975, B & W has been a signatory to an International Agreement with the International Brotherhood of Electrical Workers. The International Agreement provides that B & W agrees to comply with the terms and conditions of the applicable local collective bargaining agreement where work is performed by B & W. The agreement further provides that disputes concerning the local union agreement shall be referred to the applicable Labor-Management Committee.

A Local Agreement, signed by Local 969 and an employers' association and effective from March 1, 1985 to February 28, 1986, contains a grievance procedure calling for referral of disputes to the Labor-Management Committee. The Local Agreement also contains a provision addressing the reimbursement of employee travel expenses. B & W claims it has never been a party to that agreement.

In 1981, the parties signed a Project Agreement for Construction of the Colorado-Ute Electric Association, Inc., which sets forth a grievance procedure culminating, if necessary, in arbitration. The remaining agreement is a Memorandum of Understanding executed by Local 969 and B & W in February of 1985. Article XIV of the Memorandum of Understanding provides for travel expenses, the amount of which is lower than that provided in the Local Agreement. Article VI sets forth a grievance procedure which also culminates in arbitration.

On March 22, 1985, Local 969 sent a letter to B & W alleging that B & W had made misrepresentations in connection with negotiation of the Memorandum of Understanding. The letter demanded that the electricians of Local 969 be paid travel pay at a higher rate than that provided in the

* The Honorable Wesley E. Brown, United States District Judge for the District of Kansas, sitting by designation.

Memorandum of Understanding and that all further electrical work be performed under the International Agreement. Additionally, the letter indicated that if the travel pay deficiency was not paid within one week, charges would be filed against B & W in accordance with the International Agreement grievance procedure.

Local 969 alleges that a Joint Conference Committee, which is the equivalent of the local Labor-Management Committee, met on April 8, 1985 to consider its grievance. B & W denies ever receiving notice of that hearing. In mid-April of 1985 B & W did, however, receive a letter dated April 9, 1985 from the Joint Conference Committee stating that the committee had rescinded the Memorandum of Understanding, that B & W had been found to be in violation of the travel pay provision of the Local Agreement and that travel pay owing from March 1, 1985 should be paid.

On April 17, 1985, B & W responded in writing that the submission of the grievance to the Joint Conference Committee was improper. B & W claimed that the Memorandum of Understanding contained its own grievance procedure and thus the question of whether the Memorandum of Understanding continued to be in force should have been raised and determined pursuant to that procedure. B & W did not comply with the Joint Conference Committee award, nor did it file an action to vacate the arbitration award.

On September 12, 1985, Local 969 brought this action under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, to confirm the arbitration award. B & W asserted that the Joint Conference Committee letter of April 9, 1985 was not an arbitration award. B & W further asserted that even if the letter did constitute an award, it could not be enforced because B & W had not been given notice of the Joint Conference Committee hearing and because the Committee lacked jurisdiction to decide the parties' dispute. In granting Local 969's motion for summary judgment, the district court first held that the Joint Conference Committee award

was enforceable as an arbitration award.[1] The court then held, without considering the merits of B & W's contentions, that B & W was barred from raising its affirmative defenses because it had failed to move to vacate the award within the time period for an action to vacate an arbitration award.

The sole issue to be decided on appeal is whether the affirmative defenses raised by B & W were time-barred, a question not previously decided by this circuit. We hold that the passing of the time limitation period for an action to vacate an arbitration award completely bars, in a subsequent confirmation proceeding, the raising of such statutory defenses.

■ Under Fed.R.Civ.P. 56(c), summary judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. *Carey v. United States Postal Service*, 812 F.2d 621, 623 (10th Cir.1987). Unless the running or tolling of a statute of limitations requires the adjudication of factual issues, the applicability of the statute is properly decided in a motion for summary judgment. *Securities and Exch. Comm. v. Seaboard Corp.*, 677 F.2d 1289, 1293 (9th Cir.1982); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2734 (2d ed. 1983). Summary judgment is appropriate here because there is no genuine issue as to any material fact regarding the dates which are relevant in evaluating whether the limitations period for an action to vacate the arbitration award had run.

The timeliness of an action to vacate an arbitration award brought under § 301 of the LMRA is "determined, as a matter of federal law, by reference to the appropriate state statute of limitations." *Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112–13, 16 L.Ed.2d 192 (1966); *see also Plumbers' Pension Fund, Local 130 v. Domas Mechanical Contractors, Inc.*, 778 F.2d 1266, 1268–70 (7th Cir.1985). The statute of limi-

---

**1.** B & W does not appeal this point.

tations to be applied here is found in the Uniform Arbitration Act, as adopted in Colorado. Colo.Rev.Stat. § 13–22–201 to § 13–22–223 (Supp.1986). Upon application of a party to an arbitration award, the court shall confirm the award, unless within the time limits specified in the Act grounds are urged for vacating, modifying or correcting the award. Colo.Rev.Stat. § 13–22–213.[2] An application to vacate an award "shall be made within ninety days after delivery of a copy of the award to the applicant." *Id.* § 13–22–214(2).[3]

■ The district court correctly determined that the defenses asserted by B & W could have been raised as grounds to vacate the award under Colo.Rev.Stat. § 13–22–214(1)(a).[4] Specifically, B & W could have raised the alleged lack of jurisdiction as a ground to vacate under § 13–22–214(1)(a)(III). Similarly, its contention that it never received notice of the hearing could have been raised as a ground to vacate under § 13–22–214(1)(a)(IV), which addresses the procedural requirements set out in § 13–22–207.[5] B & W's asserted defenses challenged the validity of the arbitration award, and thus in effect represented a belated attempt to vacate the award. Even assuming that B & W did not receive advance notice of the Joint Conference Committee hearing, it is uncontroverted that it did receive written notification of the committee's action and did not thereafter move to vacate the arbitration award within the prescribed time period. That failure bars the raising of objections to the validity of the award which would have been available to B & W in a timely action to vacate the award.

In so concluding, we find support in the approach taken by other circuits confronted by the issue of whether affirmative defenses challenging the validity of an arbitration award can be raised in a confirmation proceeding filed after the limitations period

---

**2.** Colo.Rev.Stat. § 13–22–213 provides:
Upon application of a party, the court shall confirm an award, unless within the time limits imposed in this part 2 grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 13–22–214 and 13–22–215.

**3.** Colo.Rev.Stat. § 13–22–214(2) provides:
An application [to vacate an award] under this section shall be made within ninety days after delivery of a copy of the award to the applicant; except that, if predicated upon corruption, fraud, or other undue means, it shall be made within ninety days after such grounds are known or should have been known.

**4.** Colo.Rev.Stat. § 13–22–214(1)(a) provides:
Upon application of a party, the court shall vacate an award where:
(I) The award was procured by corruption, fraud, or other undue means;
(II) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
(III) The arbitrators exceeded their powers;
(IV) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 13–22–207, as to prejudice substantially the rights of a party; or

(V) There was no arbitration agreement and the issue was not adversely determined in proceedings under section 13–22–204 and the party did not participate in the arbitration hearing without raising the objection.

**5.** Colo.Rev.Stat. § 13–22–207 provides in pertinent part:
(1) Unless otherwise provided by the agreement:
(a) The arbitrators shall appoint a time and place for the hearing and cause notification to the parties to be served personally or by registered mail not less than five days before the hearing. Appearance at the hearing waives such notice. The arbitrators may adjourn the hearing from time to time as necessary and, on request of a party and for good cause or upon their own motion, may postpone the hearing to a time not later than the date fixed by the agreement for making the award, unless the parties consent to a later date. The arbitrators may hear and determine the controversy upon the evidence produced, notwithstanding the failure of a party duly notified to appear. The court on application may direct the arbitrators to proceed promptly with the hearing and determination of the controversy.
(b) The parties are entitled to be heard, to present evidence material to the controversy, and to cross-examine witnesses appearing at the hearing.

for an action to vacate has expired. That question has been answered in the negative, and the courts have uniformly held that a defendant's failure to move to vacate the arbitration award within the prescribed time period precludes it from seeking affirmative relief in a subsequent action to enforce the award. *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir.1986); *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 174–75 (2d Cir.1984); *Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County v. Celotex Corp.*, 708 F.2d 488, 490 (9th Cir.1983); *Service Employees International Union, Local No. 36, AFL–CIO v. Office Center Services, Inc.*, 670 F.2d 404, 412 (3d Cir.1982); *Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Co., Inc.*, 628 F.2d 1023, 1025 (7th Cir.1980), *cert. denied*, 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981); *cf. Derwin v. General Dynamics Corp.*, 719 F.2d 484, 489 (1st Cir.1983).

As stated by the Second Circuit, "[t]he role of arbitration as a mechanism for speedy dispute resolution disfavors delayed challenges to the validity of an award." *Florasynth*, 750 F.2d at 177. In addition to cutting off stale defenses, a 90–day limitations period such as that specified in the Colorado statute serves the federal policy of favoring voluntary arbitration as the most expedient method of resolving labor disputes. *Jefferson Trucking*, 628 F.2d at 1027. The purpose of the relatively short limitations period "is to accord the arbitration award finality in a timely fashion." *Id.* To permit a party to forego a timely challenge to the validity of an award and then raise its objections in an otherwise summary confirmation proceeding would be contrary to the policy of promoting quick and final resolution of labor disputes.

The affirmative defenses asserted by B & W could have been raised in a timely action to vacate the Joint Conference Committee award. B & W did not make such a challenge to the validity of the award, and therefore is barred from asserting those defenses in the action filed by Local 969 to gain confirmation and enforcement of the arbitration award. Despite the weight of authority supporting that conclusion, B & W attempts to distinguish several of the cases cited above by arguing that the issues of notice and jurisdiction were not presented; however, neither those cases nor the instant case hinge on the merits of the affirmative defenses, but rather rest on the applicability of the relevant limitations period for bringing an action to vacate an arbitration award and the preclusive effect of a party's failure to timely file such an action. *See Domas Mechanical Contractors*, 778 F.2d at 1267–68.

Additionally, B & W argues, without benefit of authority, that its due process rights were violated because it did not receive notice of the Joint Conference Committee hearing. That contention is without merit, as a challenge to the validity of the award premised on the alleged failure of the committee to comply with the notice requirements of the Colorado arbitration statute was available to B & W under Colo.Rev.Stat. § 13–22–214(1)(a)(IV). B & W did receive written notification of the committee's action, but did not move to vacate the arbitration award on that basis within the 90–day limitations period. It cannot now successfully mount an independent constitutional challenge to the validity of the arbitration award when it had an avenue to address the alleged violation of its due process rights and failed to avail itself of that opportunity.

AFFIRMED.