**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PREMIER PRIVATE SECURITY
INC.,

        Plaintiff-Appellant,

v.

INTERNATIONAL UNION, UNITED
PLANT GUARD WORKERS OF
AMERICA; LOCAL NO. 796,

        Defendants-Appellees.

No. 98-6233
(D.C. No. 97-CV-1096)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  <u>See</u> Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Premier Private Security, Inc. brought this action pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, seeking to vacate an arbitration award regarding the payment of fringe benefits in favor of defendants International Union, United Plant Guard Workers of America, and Local No. 796. Defendants counterclaimed to confirm the award.  On cross-motions for judgment on the pleadings, the district court held that Premier's action was barred by the applicable statute of limitations and that, in any event, its challenge to the arbitration award failed on the merits.  The court therefore denied Premier's motion, granted defendants' motion, and confirmed the arbitration award.

On appeal, Premier challenges the district court's rulings on both the statute of limitations and the merits of its claim.  Where a court grants a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), we will review the judgment under the same standard of review as applicable to judgment on a Rule 12(b)(6) motion to dismiss.    *See  McHenry v. Utah Valley Hosp.  *, 927 F.2d 1125, 1126 (10th Cir. 1991).  Therefore, we review the sufficiency of Premier's pleadings de novo and will uphold the grant of defendants' motion--on both statute of limitations and merits grounds--only when it appears that Premier can prove no set of facts in support of its claim that would entitle it to relief.       *See*

*Sterlin v. Biomune Sys.*, 154 F.3d 1191, 1194 (10th Cir. 1998); *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 924 (10th Cir. 1994). Because we agree with the district court that Premier's claim is barred by the statute of limitations, we address only that issue.

As a general rule, "[t]he timeliness of an action to vacate an arbitration award brought under § 301 of the [Labor Management Relations Act] is 'determined, as a matter of federal law, by reference to the appropriate state statute of limitations.'" *International Bhd. of Elec. Workers, Local Union No. 969 v. Babcock & Wilcox*, 826 F.2d 962, 964 (10th Cir. 1987) (quoting *International Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704-05 (1966)); *see also DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 171-72 (1983) (discussing exception to general rule). That determination requires "an examination of the nature of the federal claim and the federal policies involved." *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 60-61 (1981).

The arbitrator issued his initial award in defendants' favor, which did not include the precise amount of fringe benefits due each employee, on March 14, 1997, and Premier acknowledged receiving it no later than March 28. On July 3, 1997, more than ninety days after both issuance and receipt of the initial award, Premier filed this action in the district court. On July 27, the arbitrator issued his decision on the amount of fringe benefits due each employee. Defendants moved

for dismissal contending that Premier's action was time-barred under what they considered the most appropriate state statute of limitations, the ninety-day period provided by the Oklahoma Uniform Arbitration Act, Okla. Stat. tit. 15, § 812.C (application for vacation of arbitration award shall be made within ninety days following delivery of award to applicant). In response, Premier contended that this period was inapplicable because the Arbitration Act states that it does not apply to collective bargaining agreements. *See id.* § 802.A. Citing *International Union of Operating Eng'rs, Local No. 670 v. Kerr-McGee Refining Corp.*, 618 F.2d 657 (10th Cir. 1980), it argued that a ninety-day period was too short, but it did not expressly argue what period or state statute should apply. It also argued that whatever the period, it did not begin to run until the date the arbitrator issued his order determining the precise amount of damages.

The district court held that Premier's cause of action accrued at least as early as when Premier received a copy of the arbitrator's initial award, which it said was ninety-seven days prior to the date it filed this action, and not when the arbitrator made the determination regarding damages. Relying in part on *Babcock & Wilcox*, which applied the Colorado arbitration act's ninety-day period to a similar action, *see* 826 F.2d at 964-65, it also agreed with defendants that the ninety-day period provided by the Oklahoma Uniform Arbitration Act was the appropriate state statute to apply and that Premier's claim was therefore barred.

-4-

On appeal, Premier reasserts its two-pronged challenge to the district court's use of the limitations period provided by the Oklahoma Uniform Arbitration Act (but it does not repeat its argument that its cause of action did not arise until the arbitrator issued his damages determination). First, it contends that we are bound by the decision in *Kerr-McGee* holding that some limitations period exceeding ninety days provided by Oklahoma's general limitations statute, Okla. Stat. tit. 12, § 95, applies to § 301 actions. Second, it contends that the period provided by the Oklahoma Uniform Arbitration Act cannot apply because the Act specifically states that it does not apply to actions involving collective bargaining agreements. Neither of these arguments is persuasive.

In *Kerr-McGee*, the appellants argued that an action by the employer to vacate an arbitration award was time-barred by the ninety-day limitations period provided by the Federal Arbitration Act, 9 U.S.C. § 12. Citing *Hoosier Cardinal Corp.*, 383 U.S. at 704-05, the court stated that the limitations period for § 301 actions is the most appropriate state limitations period, and it held that some unspecified period provided by Okla. Stat. tit. 12, § 95, which provides periods between one and five years, applied in that case. *See* 618 F.2d at 659. *Kerr-McGee*, however, does not limit our consideration of the applicability of the ninety-day period provided by the Oklahoma Uniform Arbitration Act, or conversely, require us to apply some period provided by § 95. The issue it

-5-

decided was whether a federal or state limitations period should apply, and it held that a state period--apparently the only one raised by the parties--applied. The decision does not mention the Arbitration Act's period; indeed, the Arbitration Act did not become effective until October 1, 1978, *see* Okla. Stat. tit. 15, § 801, and may well not have been in effect at the time the cause of action in *Kerr-McGee* arose. *Kerr-McGee* is therefore not binding precedent on whether the limitations period provided by Arbitration Act or § 95 applies to this case. *See, e.g.*, *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952) (prior decision not binding precedent on point not discussed in decision).

Premier also contends that the limitations period provided under the Oklahoma Uniform Arbitration Act cannot be applied here because the Act specifically excludes from its coverage disputes involving collective bargaining agreements. Premier tries to distinguish *Babcock & Wilcox* on the basis that the Colorado arbitration act on which the court relied for its ninety-day limitations period did not contain a similar exclusion. The issue in a § 301 action, however, is not what state statute of limitations would apply to a similar action brought under state law. The issue is, considering the nature of the claim and the federal policies involved, what state statute of limitations is most appropriate, or stated differently, what state action is most closely analogous to a § 301 action. In *Mitchell*, the court borrowed a New York statute for use in a § 301 action despite

the fact that a similar action could not be brought under New York law. "The fact that an employee could not bring a direct suit to vacate an arbitration award, however, does not mean that his § 301 claim, which if successful would have the same effect, is not 'closely analogous' to such an action." *Mitchell*, 451 U.S. at 61 n.3. Thus, the fact that a similar action could not be brought under the Oklahoma Uniform Arbitration Act is irrelevant here.

"[F]ederal policy . . . favor[s] voluntary arbitration as the most expedient method of solving labor disputes." *Babcock & Wilcox*, 826 F.2d at 966; *see also Mitchell*, 451 U.S. at 63. The choice in this case is between the ninety-day period provided by the Arbitration Act and the five-year period for actions on written contracts provided by Okla. Stat. tit. 12, § 95.1. Premier argues that we could apply the one-year limitations period provided by § 95 for other causes of action. The types of actions for which the one-year period applies--e.g., libel, slander, assault, battery, *see* § 95.4--are not remotely related to its action to vacate the arbitration award, and we are not free to devise Oklahoma limitations periods out of whole cloth. Thus, considering the relevant federal policies and the choices

before us, we agree with the district court that the Arbitration Act's ninety-day period applies to Premier's action and that it is time-barred.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge